**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN 253265)
david@kazlg.com
2633 E. Indian School Rd., Suite 460
Phoenix, AZ 85016
Telephone: 602-265-3332
Facsimile: 800-520-5523

**KAZEROUNI LAW GROUP, APC**
Brian Attard, Esq. (SBN 332982)
brian@kazlg.com
2221 Camino Del Rio S., Suite 101
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Attorneys for Plaintiff*
Jim Odle

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JIM ODLE,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.,**<br><br>            **Defendant.** | **Case No.:**   3:21-cv-01932<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **The Fair Debt Collection Practices Act, 15 U.S.C. 1692** *et seq.***; and**<br>(2) **The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788,** *et seq.*<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has similarly determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jim Odle ("Plaintiff"), through his attorneys, brings this Complaint against Midland Credit Management, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

COMPLAINT                                                            *Odle v. Midland Credit Management, Inc.*

5. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

7. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

8. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

9. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**JURISDICTION & VENUE**

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

12. This Court has personal jurisdiction over Defendant because Defendant regularly collects debts in California on behalf of its creditor clients. Further, as illustrated below, Defendant directed its unlawful collection practices at Plaintiff in Livermore, California.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Alameda, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial

*Odle v. Midland Credit Management, Inc.*

district at all times relevant.

## PARTIES & DEFINITIONS

14.  Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692 *et seq*. and California Civil Code § 1788.2(h). Plaintiff is also a resident of Alameda County in the State of California.

15.  Defendant is, and at all times mentioned herein, was a debt collection corporation headquartered in San Diego, California. Defendant is authorized to and regularly conducts business within the State of California.

16.  Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17.  This matter involves a "consumer credit transaction" i.e. a transaction between Plaintiff and Defendant (or its predecessor), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

18.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

19.  Sometime prior to June of 2020, Plaintiff is alleged to have incurred certain financial obligations to Comenity Bank, which were allegedly sold to Defendant for collection purposes (the "Debt").

20. Plaintiff was assigned an account number relating to his account with Defendant relating to the Debt, "MCM Account Number 304451045".

21. These allegedly incurred financial obligations were money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(f).

22. Prior to June of 2020, Plaintiff entered into a settlement agreement and payment plan with Defendant in relation to the Debt.

23. Pursuant to the agreement, Plaintiff was to pay $60 on or before each payment date.

24. Plaintiff provided his debit card information to Defendant and authorized Defendant to process payments automatically each payment period using the debit card information.

25. However, beginning on June 6, 2020, Defendant began processing payments directly from Plaintiff's bank account using ACH.

26. Due to the switch in payment processing methods, after June 6, 2020 each $60 payment processed as a debit from Plaintiff's bank account to Defendant, then credited back to Plaintiff's bank account from Defendant.

27. The result of this process would indicate that the attempted payments failed, when the payments had really been improperly processed by Defendant.

28. Statements sent by Defendant to Plaintiff indicate that Defendant attempted to draw funds from Plaintiff's bank account several times on the same day due to this error.

29. Plaintiff contacted his bank, which informed Plaintiff that he had sufficient funds available to make each of the $60 payments.

30. This information indicated to Plaintiff that Defendant's payment processing method was the reason for the failed payments.

31. Mr. Odle called MCM in order to provide updated debit card information, so MCM could process payments.

32. However, MCM continued to process payments in a manner which caused the payments to fail.

33. After the payments from Plaintiff were improperly processed on a few occasions, Defendant determined that it no longer would honor the settlement agreement.

34. After it decided unilaterally to terminate the settlement agreement, Defendant began to reach out to Plaintiff, indicating that he owed a higher amount than he actually owed on the alleged debt.

35. Plaintiff was frustrated that Defendant unilaterally decided to no longer honor the settlement agreement.

36. Plaintiff was also upset because the reason Defendant decided to back out of the agreement was due to a payment processing error brought on by Defendant's decision to change payment processing methods.

37. Further, Defendant stated Plaintiff owed an incorrect amount on the alleged debt after making its decision to unilaterally terminate the settlement agreement.

38. As a result of Defendant's actions, Plaintiff experienced stress, frustration, and mental anguish.

**15 U.S.C. § 1692e**

39. 15 U.S.C. § 1692e prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. Further, the FDCPA prohibits making a "false representation of…the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

41. Defendant blatantly violated the FDCPA when it misrepresented the amount of the Debt owed by Plaintiff.

42. Further, Defendant violated both the FDCPA by purporting to unilaterally terminate the settlement agreement entered into by Plaintiff and Defendant after Defendant failed to process payments in an appropriate manner.

43.    Therefore, Defendant violated 15 U.S.C. § 1692e & 15 U.S.C. § 1692e(2)(A).

**15 U.S.C. § 1692f**

44.    15 U.S.C. § 1692f states: "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

45.    Defendant used unfair or unconscionable means to collect the Debt when Defendant chose to unilaterally terminate the settlement agreement with Plaintiff after Defendant's actions caused the settlement amounts not to be properly withdrawn from Plaintiff's account.

46.    Defendant subsequently attempted to charge Plaintiff a higher amount than was previously agreed upon in settlement of the debt, even though Plaintiff had not caused his payments to fail.

47.    Through the above actions, Defendant violated 15 U.S.C. § 1692f.

**Cal. Civ. Code § 1788.17**

48.    The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692f.

49.    Because the Rosenthal Act incorporates the relevant sections of the FDCPA, for the above reasons, when Defendant violated the FDCPA, Defendant also violated Cal. Civ. Code §1788.17.

**CAUSES OF ACTION**

**Count I**

**Fair Debt Collection Practices Act (FDCPA)**

**15 U.S.C. §§ 1692 *et seq.***

50.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

51.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

*Odle v. Midland Credit Management, Inc.*

52.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count II**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

53.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

54.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

55.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:**

**FIRST CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq.***

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

*Odle v. Midland Credit Management, Inc.*

- Any other relief this Court should deem just and proper.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- Any other relief this Court should deem just and proper.

## DEMAND FOR JURY TRIAL

56.   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**KAZEROUNI LAW GROUP, APC**

Date: March 19, 2021                    By: _s/ Brian Attard_____
                                            Brian Attard, Esq.
                                            *Attorneys for Plaintiff*